```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

                                   :
EDWARD MCKELLER,                   :
                                   :
     Plaintiff,                    :
                                   :
V.                                 :   CASE NO. 3:06CV458(RNC)
                                   :
UNITED STATES,                     :
                                   :
     Defendant.                    :
```

RULING AND ORDER

Plaintiff brings this action pro se and in forma pauperis, asking the court to submit "records" to the president of the United States that plaintiff maintains will help further national security. For the reasons stated below, the complaint is dismissed.

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss an action brought in forma pauperis "at any time if the court determines that. . . the action. . . is frivolous or malicious [or] . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(2000). An action is frivolous when either "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted). A claim is based on an indisputably meritless legal theory when it "lacks an arguable basis in law." Id. The dismissal of a complaint

under § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

    Plaintiff requests three things in his complaint.  First, he would like to submit records to the president of his "recently discovered alphabet letter signal science" that "prevents people from being harmed by people" around them.  Compl. at 9.  Second, he asks that the employees of the United States Postal Service be "reorganized for national security reasons" and that the Postal Service be prevented from allowing illegible signatures on certified mail receipt cards.  Compl. at 2.  Plaintiff names no law that would entitle him to such relief and none can be discerned.  Because these claims lack any arguable basis in law, they must be dismissed.

    Finally, plaintiff argues that another case he filed in this district, McKeller v. Social Security Administration, 3:04-cv-607(JCH), was erroneously dismissed.  If plaintiff wishes to appeal a final district court decision, his recourse must be to the Second Circuit Court of Appeals, not to this court.

    Accordingly, the court sua sponte dismisses plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Because the complaint gives no indication that a valid claim may be stated, the dismissal is with prejudice.  See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999)(per curiam).  The Clerk may close the case.

So ordered.

Dated at Hartford, Connecticut this \_\_\_\_ day of May 2006.

_____\\s\\_____
Robert N. Chatigny
United States District Judge